IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2022

**IN RE AUTUMN D.[1]**

**Appeal from the Circuit Court for Sullivan County
No. C16227, C16227(M)   John S. McLellan, III, Judge**

_____

**No. E2022-00033-COA-R3-CV**

_____

This appeal arises from a common-law writ of certiorari filed in the circuit court; however, the dispositive issue on appeal is whether the juvenile court, which was presiding over a dependency and neglect action, retained jurisdiction to enter a custodial order after a petition to adopt the children at issue had been filed in the chancery court. The adoption petition was filed after a contested evidentiary hearing for the change of custody had concluded but prior to the juvenile court announcing its decision or entering an order. After the adoption petition was filed, the juvenile court entered an order removing the children from their grandmother's custody and awarding custody to the mother. The grandmother challenged the jurisdiction of the juvenile court to enter the order by filing a petition for a common-law writ of certiorari. The circuit court granted the writ but held "that the Juvenile Court had the authority to enter the [post-petition custodial order] owing to the fact that proof had been heard on [the petition to change custody]." We respectfully disagree. Tennessee Code Annotated § 37-1-103(c) unambiguously states, "when jurisdiction has been acquired [by dependency and neglect proceedings] under this part, such jurisdiction shall continue *until* . . . a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f)." (emphasis added). Furthermore, Tennessee Code Annotated § 36-1-116(f)(2) directs that "any proceedings that may be pending seeking the custody . . . of the child . . . who is in the physical custody of the [adoption] petitioners on the date the petition is filed . . . shall be suspended pending the court's orders in the adoption proceeding, and jurisdiction of all other pending matters concerning the child . . . shall be transferred to and assumed by the adoption court." Here, the grandmother had legal and physical custody of the children when the adoption petition was filed. Accordingly, the juvenile court's jurisdiction was automatically transferred to the chancery court upon the filing of the adoption petition. For these reasons, the juvenile court no longer had jurisdiction to enter an order removing custody from the petitioner in the adoption case, the grandmother.

_____

[1] This court has a policy of protecting the identity of children by initializing the last names of the parents and child.

Accordingly, the judgment of the circuit court is reversed, and this matter is remanded with instructions for the circuit court to enter judgment holding that the juvenile court's order changing custody is void for want of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Ricky A.W. Curtis, Blountville, Tennessee, for the appellant, Brenda D.

Charles L. Moffatt, IV, Bristol, Tennessee, for the appellee, Tabitha D.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The principal adversaries in these contentious legal proceedings are the mother and paternal grandmother of Autumn D. and Blaine D. (collectively, "the Children").

Brenda D. ("Grandmother") first obtained temporary custody of the Children by way of a temporary order entered by the Juvenile Court for the City of Bristol, Tennessee, on October 22, 2014. Grandmother's custody was affirmed on July 15, 2015, when the Juvenile Court declared the Children to be dependent and neglected in the care of Tabitha D. ("Mother").[2]

The juvenile court case remained active over the next six years with a number of motions and hearings that primarily involved Mother's attempts to gain visitation, which she accomplished, but was followed by Grandmother's alleged interference and Mother's repeated efforts to enforce her court-ordered visitation rights. Following further motions and hearings, a negotiated settlement was announced in open court on June 16, 2021. An agreed order memorializing the agreement was entered by the juvenile court on August 11, 2021; nevertheless, conflicts continued to arise.

Two months later, on October 21, 2021, Mother filed a motion in the juvenile court to be restored as sole custodian of the Children. A full evidentiary hearing on the motion was held on November 10, 2021. At the conclusion of the hearing, the court took the matter under advisement without rendering a decision from the bench. Then, pursuant to an order

---

[2] The Children's father was incarcerated at the time.

entered on December 2, 2021, the juvenile court awarded custody of the Children to Mother.

In the interim, however, Grandmother, along with her husband and the Children's father, filed a petition in the Chancery Court for Sullivan County to adopt the Children.[3] The adoption petition was filed on November 23, 2021,[4] nine days before the juvenile court entered its order awarding custody of the Children to Mother.

Believing the juvenile court lacked jurisdiction to enter the December 2, 2021 custodial order, Grandmother petitioned for a common-law writ of certiorari in the Circuit Court for Sullivan County. Mother filed a timely answer in opposition to Grandmother's writ of certiorari, and the writ was heard before the circuit court on December 22, 2021. After hearing from the parties, the circuit court found that review of the challenged juvenile court order was warranted, thus granting the writ; nonetheless, the circuit court concluded that the juvenile court had the authority to enter its December 2, 2021 order. The circuit court's December 23, 2021 order reads, in pertinent part:

> The Court finds that the Juvenile Court for the City of Bristol, Tennessee lost jurisdiction effective as of November 23, 2021, such that all Juvenile Court proceedings are henceforth suspended. The Court finds, nonetheless, that the Juvenile Court had the authority to enter the December 2, 2021 Order owing to the fact that proof had been heard on November 10, 2021.

This appeal by Grandmother followed.

## ISSUES

The issue as stated by Grandmother is:

> Whether the Circuit Court, in exercising its supervisory authority over Juvenile Court pursuant to a Writ of *Certiorari*, erred in permitting a Juvenile Court custody Order, entered *after* the filing of an adoption Petition, to remain in effect despite the unambiguous language of Tenn. Code Ann. § 36-1-116(f)(2)?

The issue presented by Mother reads:

---

[3] Grandmother's husband, Larry D., and her son, Brandon D., the father of the Children, joined in the petition. Father joined in the petition to consent to Grandparents' adoption and voluntarily surrender his parental rights.

[4] A Notice of Pending Adoption was filed in the Juvenile Court on November 23, 2021.

Whether, in light of the primary purpose of the Tennessee adoption statutes as codified in T.C.A. §36-1-101, the child custody hearing that concluded on November 10, 2021 in the Juvenile Court for the City of Bristol was a proceeding that was no longer "pending" within the meaning of T.C.A. §36-1-116(f)(2), such that Circuit Court properly declined to set aside the Juvenile Court's custody Order entered on December 2, 2021 after the filing of a separate adoption petition in Chancery Court on November 23, 2021?

## STANDARD OF REVIEW

Judicial review of a common-law writ of certiorari is limited to "determining whether the [court] whose decision is being reviewed," in this case the Juvenile Court for the City of Bristol, "(1) exceeded its jurisdiction, (2) followed an unlawful procedure, (3) acted illegally, arbitrarily, or fraudulently, or (4) acted without material evidence to support its decision." *Heyne v. Metro. Nashville Bd. of Pub. Educ.*, 380 S.W.3d 715, 729 (Tenn. 2012).

Our review of a writ of certiorari is limited to questions of law, and we may not redetermine the facts. *See id.* This court reviews questions of law de novo with no presumption of correctness. *See In re Carrington H.*, 483 S.W.3d 507, 524 (Tenn. 2016). Because the scope of a writ of certiorari deals with questions of law, specifically, whether a court "has exceeded the jurisdiction conferred" or "is acting illegally," we review the decision de novo with no presumption of correctness. Tenn. Code Ann. § 27-8-101.

## ANALYSIS

We begin our analysis by noting that "when jurisdiction has been acquired [by dependency and neglect proceedings] under this part, such jurisdiction shall continue *until* . . . a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f)." Tenn. Code Ann. § 37-1-103(c) (emphasis added). It is undisputed that the juvenile court acquired jurisdiction over the dependency and neglect action in 2014 and retained jurisdiction until the filing of Grandmother's adoption petition on November 23, 2021, at which time Tennessee Code Annotated § 36-1-116(f)(1)–(2) came into play. These sections provide, in pertinent part:

(1) *Upon the filing of the [adoption] petition, the [adoption] court shall have exclusive jurisdiction of all matters pertaining to the child. . . .*

(2) [A]ny proceedings that may be pending seeking the custody . . . of the child . . . who is in the physical custody of the petitioners on the date the petition is filed . . . shall be suspended pending the court's orders in the adoption proceeding, and jurisdiction of all other pending matters concerning

- 4 -

the child . . . shall be transferred to and assumed by the adoption court; provided, that until the adoption court enters any orders affecting the child's custody . . . as permitted by this part, all prior parental or guardian authority, prior court orders regarding custody or guardianship, or statutory authority concerning the child's status shall remain in effect. Actions suspended by this section, regardless of the stage of adjudication, shall not be heard until final adjudication of the action for . . . adoption regarding the same child, even if such adjudication of the . . . adoption will render the custody . . . action moot.

Tenn. Code Ann. § 36-1-116(f)(1)–(2)[5] (emphasis added).

The Children were in the physical custody of the petitioner, Grandmother, on the date the adoption petition was filed. *See* Tenn. Code Ann. § 36-1-116(f)(1). Thus, while the juvenile court had original jurisdiction over the matters regarding the Children, the juvenile court's jurisdiction was "suspended pending the court's orders in the adoption proceeding, and *jurisdiction of all other pending matters concerning the child[ren] . . . [was] transferred to and assumed by the adoption court.*" Tenn. Code Ann. § 36-1-116(f)(2) (emphasis added). Moreover, until the adoption court, here the chancery court, entered an order affecting the Children's custody, all prior court orders "regarding custody or guardianship, or statutory authority concerning the child's status shall remain in effect." *Id.* When the adoption petition was filed, the prior order in effect in the juvenile court awarded "primary physical and legal" custody of the Children to Grandmother. Thus, as the above statute mandates, that order was to remain in effect unless and until the chancery court entered an order that provided otherwise. Stated another way, the statute did not afford the juvenile court the authority to enter a post-petition order that changed custody of the Children.

This interpretation is consistent with this court's ruling in other cases. For example, in accordance with the statutory scheme, we have ruled that, after the filing of an adoption petition, a "chancery court had exclusive jurisdiction over all matters pertaining to the child" and other proceedings regarding the child "should have been suspended pending the court's orders in the adoption proceeding." *See In re Neveah W.*, 525 S.W.3d 223, 243 (Tenn. Ct. App. 2017). We have also held that when a petition for adoption is filed, "jurisdiction over all matters related to the child, other than those regarding delinquency, unruly or truant acts, transfers to the court where the adoption petition is filed." *In Re*

---

[5] We acknowledge that subsections (1) and (2) each reference an exception for "delinquency" matters. *See* Tenn. Code Ann. § 36-1-116(f)(1)–(2) ("except for allegations of delinquency, unruliness or truancy of the child pursuant to title 37"). However, dependency and neglect proceedings are distinct from "delinquency" proceedings. Thus, the delinquency exceptions in subsections (1) and (2) do not apply to the case at bar.

*Carlee A*., No. W2020-01256-COA-R3-PT, 2022 WL 225640, at \*12 (Tenn. Ct. App. Jan. 26, 2022) (citation omitted). This clarity and certainty of jurisdiction "serves to prevent a court from acting on matters of a child subject to an adoption petition." *In re Samuel D*., 536 S.W.3d 447, 456 (Tenn. Ct. App. 2016). Admittedly, however, these cases did not involve the same facts as are present here, which brings us to Mother's contention that the juvenile court had already "heard" her motion to change custody; therefore, Mother argues that the entry of an order based on the prior hearing did not violate the mandates in Tennessee Code Annotated § 36-1-116(f)(1)–(2).[6] In making this argument, Mother relies on the last sentence of Tennessee Code Annotated § 36-1-116(f)(2):

> Actions suspended by this section, regardless of the stage of adjudication, *shall not be heard* until final adjudication of the action for termination of parental rights or adoption regarding the same child, even if such adjudication of the termination of parental rights or adoption will render the custody, guardianship, or visitation action moot.

(Emphasis added).

The court's role in construing statutes is "to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). Therefore, whenever possible, we "apply the plain meaning without complicating the task." *In re Sidney J.*, 313 S.W.3d 772, 774 (Tenn. 2010).

Mother asserts that the phrase "'shall not be heard' reflects the legislative intent to stop such hearings but not the normal entry of an Order after the conclusion of a hearing." Thus, Mother would have us carve out an exception to the adoption court's exclusive jurisdiction to allow another court, in this case the juvenile court, to enter orders "affecting the child's custody" because the custodial hearing concluded prior to the filing of the adoption petition. To interpret the statute as Mother suggests, however, would render the exclusive jurisdiction provision in Tennessee Code Annotated § 36-1-116(f)(2) meaningless, which we are not permitted to do. *See Culbreath v. First Tenn. Bank Nat. Ass'n,* 44 S.W.3d 518, 524 (Tenn. 2001) (quoting *Cafarelli v. Yancy*, 226 F.3d 492, 499 (6th Cir. 2000) ("[W]e must interpret the statute 'as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'").

---

[6] Neither party has cited to a case that directly deals with this contention, and the court has found none. Grandmother cites to several cases; however, each one is distinguishable, and none of them aids the court in our analysis of this issue.

Construing the statute "as a whole" in a way that does not "render other provisions . . . meaningless," we must conclude that the juvenile court shall neither conduct hearings nor enter orders that affect the custody of the child or children at issue in the adoption proceedings after an adoption petition is filed in a court of competent jurisdiction. Thus, we find Mother's "shall not be heard" contention unpersuasive.

Upon Grandmother's filing of the adoption petition, the chancery court gained exclusive jurisdiction over the Children. Because the juvenile court's December 2, 2021 order was entered after the adoption petition was filed, it interfered with the chancery court's exclusive jurisdiction over custodial matters pertaining to the Children. Therefore, the juvenile court's December 2, 2021 order is void for want of jurisdiction. *See In re Tyler G.*, No. M2016-02170-COA-R9-PT, 2017 WL 1736707, at *3 (Tenn. Ct. App. May 3, 2017) ("[T]he action of the competing court interfering with another court's exclusive jurisdiction is void.") (citation omitted); *see also State of Tenn. Dep't of Human Servs. v. Gouvitsa*, 735 S.W.2d 452, 457 (Tenn. Ct. App. 1987) (holding that the action of a court is void when another court had exclusive jurisdiction).

For the foregoing reasons, we conclude that the circuit court correctly found that "the Juvenile Court for the City of Bristol, Tennessee lost jurisdiction effective as of November 23, 2021, such that all Juvenile Court proceedings are henceforth suspended." However, we reverse its finding that "the Juvenile Court had the authority to enter the December 2, 2021 Order owing to the fact that proof had been heard on November 10, 2021."

## IN CONCLUSION

The judgment of the circuit court is reversed, and this matter is remanded with instructions to enter judgment stating that the juvenile court lacked jurisdiction to enter its December 2, 2021 order changing custody of the Children and, therefore, that order is void. Costs of appeal are assessed against the appellee, Tabitha D.

_____

FRANK G. CLEMENT JR., P.J., M.S.